**AKERMAN SENTERFITT LLP**
IMRAN HAYAT (SBN 224458)
Email: imran.hayat@akerman.com
VICTORIA A. CANTORE (SBN 265169)
Email: victoria.cantore@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
BANK OF AMERICA, N.A. and
RECONTRUST COMPANY, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAH MECHANIC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. formerly doing business as COUNTRY WIDE HOME LOANS; RECONTRUST COMPANY; and DOES 1 through 50 inclusive,<br><br>　　　　Defendants. | Case No.  **'12CV1872 JLS  MDD**<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY AND FEDERAL QUESTION JURISDICTION**<br><br>[28 U.S.C. §§ 1331]<br><br>[San Diego County Superior Court Case No. 37-2012-00099494-CU-OR-CTL]<br><br>Complaint Filed: June 26, 2012<br>Trial Date:　　None |

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Defendants Bank of America, N.A. (**BANA**) and ReconTrust Company, N.A. (**ReconTrust**) (collectively, **defendants**), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Superior Court of the County of San Diego, to the United States District Court for the Southern District of California, and state as follows:

## I. STATEMENT OF THE CASE

1. On June 26, 2012, an action was commenced in the Superior Court of the County of San Diego, styled *Jonah Mechanic v. Bank of America, N.A. formerly doing business as Country Wide Home Loans, ReconTrust Company, and DOES 1 through 50, inclusive*, Case No. 37-2012-00099494-CU-OR-CTL (**State Court Action**). A copy of the complaint (**Complaint** or **Compl.**) and case docket in the State Court Action is attached hereto as part of **Exhibit 1**.

2. Plaintiff Jonah Mechanic (**plaintiff**) asserts the following causes of action: (1) violation of California *Civl Code* § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California *Civil Code* § 2923.6; (5) violation of California *Civil Code* § 1572; (6) violation of *Business & Professions Code* § 17200; and (7) the Federal Truth in Lending Act (Compl., p. 1).

## II. BASIS FOR REMOVAL JURISDICTION

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because plaintiff's claims arise under the laws of the United States. A case arises under federal law where the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983).

4. "[A]n action 'arises under' federal law 'if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.' " *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (quoting Hart and Wechsler's *The Federal Courts and the Federal System*, at 889 (2d ed. 1973)). Adjudication of plaintiff's Complaint requires analysis and construction of federal law.

5. Plaintiff alleges a direct claim for violation of 15 U.S.C. § 1601, et seq., or the Federal Truth in Lending Act (**TILA**). (Compl., ¶¶ 66-71.) Specifically, he alleges that he was not given the required disclosures under TILA. (Compl., ¶¶ 69-70.)

6. This Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together. *E.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Plaintiff's

entire Complaint revolves around wrongful foreclosure based on Aurora Bank's failure to verify the debt. (*See* Compl., ¶ 7.) The Court should therefore extend supplemental jurisdiction over all of plaintiff's state law claims.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7. Removal of this action is timely. BANA was personally served with the Complaint on June 28, 2012.

8. DOES 1 to 50 have not been named or served, and their consent is therefore not required. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1428 (9th Cir. 1984), *overruled on other grounds by Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir. 1988), *Emrich v. Touche Ross & Co.,* 846 F. 2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action."). The undersigned is counsel for all other defendants.

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders on file served upon BANA in the State Court Action are attached hereto as **Exhibit 1**.

10. Written notice of the filing of this notice of removal will be given to plaintiff.

11. A copy of this notice will be promptly filed with the Clerk of the Superior Court of San Diego County.

## IV. CONCLUSION

By this notice of removal and the associated attachments, defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this notice, and expressly reserve all defenses, motions and/or pleas. Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Defendants receive all additional relief to which they are entitled.

Dated: July 30, 2012

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: *s/Imran Hayat*
    Imran Hayat
    Victoria A. Cantore
Attorneys for Defendants
BANK OF AMERICA, N.A. and RECONTRUST COMPANY, N.A
E-mail: Imran.Hayat@akermanc.com
E-mail: Victoria.Cantore@akerman.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On July 30, 2012, I served the following document(s) described as:

**NOTICE OF REMOVAL TO FEDERAL COURT BASED ON DIVERSITY AND FEDERAL QUESTION JURISDICTION; CIVIL COVER SHEET**

interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Jonah Mechanic
P.O. Box 1442
La Jolla, CA 92038
*Plaintiff In Pro Per*

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC SERVICE:** Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

☒ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as

required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 30, 2012, at Los Angeles, California.

Nicole A. Brosman
(Type or print name)

*(Signature)*

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017

{24578449;1}                                     2                                 CASE NO. TBD

**NOTICE OF REMOVAL TO FEDERAL COURT**