# EXHIBIT 1

6/28/12 10:10AM

JUN-28-2012 08:45A FROM:                                     TO:3321766          P.2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 11
CENTRAL DIVISION

2012 JUN 26  A 10: 03

SM-SUPERIOR COURT
AN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, N.A. formerly doing business as COUNTRY WIDE HOME
LOANS;, RECONTRUST COMPANY;, and DOES 1 through 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONAH MECHANIC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice Courthouse<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>**37-2012-00099494-CU-OR-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JONAH MECHANIC 858-229-9499
PO BOX 1442, LA JOLLA, CA 92038

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | JUN 2 6 2012 | Clerk, by<br>*(Secretario)* B. Orihuela | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BANK of America, N.A.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6/28/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

JUN-28-2012 08:44A FROM:                                    TO:3321766                    P.1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>JONAH MECHANIC<br>PO BOX 1442<br>LA JOLLA, CA 92038 | FOR COURT USE ONLY<br>FILED<br>CIVIL BUSINESS OFFICE 11<br>CENTRAL DIVISION<br><br>2012 JUN 26   A 10: 03<br><br>CA SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
|---|---|

TELEPHONE NO.:                              FAX NO.:
ATTORNEY FOR *(Name)*: Plaintiff In Pro Per
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
   STREET ADDRESS: 330 WEST BROADWAY
   MAILING ADDRESS: 330 WEST BROADWAY
   CITY AND ZIP CODE: LA JOLLA, CA 92037
   BRANCH NAME: HALL OF JUSTICE COURTHOUSE
CASE NAME: MECHANIC VS BANK OF AMERICA

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2012-00099494-CU-OR-CTL<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [✓] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify)*: 7
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

JONAH MECHANIC
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

JONAH MECHANIC
PO BOX 1442
LA JOLLA, CA 92038
858-229-9499

FILED
CIVIL BUSINESS OFFICE 11
CENTRAL DIVISION

2012 JUN 26  A 10: 03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

PLAINTIFF IN PRO PER

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## IN AND FOR COUNTY OF SAN DIEGO

| | |
|---|---|
| JONAH MECHANIC<br><br>      Plaintiff,<br><br> V.<br><br>BANK OF AMERICA, N.A. formerly doing business as COUNTRY WIDE HOME LOANS;, RECONTRUST COMPANY;, and DOES 1 through 50 inclusive Defendants. | CASE NO: **37-2012-00099494-CU-OR-CTL**<br><br>**COMPLAINT FOR:**<br>**MONETARY DAMAGES STATUTORY DAMAGES, PUNITIVE DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF**<br><br>1. VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5;<br>2. FRAUD;<br>3. INTENTIONAL MISREPRESENTATION;<br>4. VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6;<br>5. VIOLATION OF *CALIFORNIA CIVIL CODE* §1572;<br>6. VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200.<br>7. FEDERAL TRUTH IN LENDING ACT; |

Plaintiff JONAH MECHANIC an (Hereinafter referred as "Plaintiff") alleges herein as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff at all times relevant has been a resident of the County of San Diego, State of California and the owner of Real Property, including but not limited to the property at issue herein, 824-826 SAPPHIRE ST., PACIFIC BEACH, CA 92109.

2.     Defendant BANK OF AMERICA, N.A. formerly doing business as COUNTRYWIDE HOME LOANS (hereinafter "BOFA") at all times herein mentioned was doing business in the County of San Diego, State of California and was one of the original Lender for Plaintiff's Deed of Trust Deed and Note.

3.     Defendant RECONTRUST COMPANY., (hereinafter "RECON") at all times herein mentioned is doing business in the County of San Diego, State of California and was listed on the Notice of Default and Notice of Trustee Sale for the above named Real Property.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on Plaintiff's title thereto. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants. Plaintiff alleges that each and every defendant alleged herein ratified the conduct of each and every other defendant. Plaintiff further alleges that at

all times said defendants were was acting within the purpose and scope of such agency and employment.

6.    Plaintiff financed the foregoing Real Property on or about July 7, 2006 through BOFA, by virtue of a Trust Deed and Notes securing the Loans. (See Exhibit "A")

7.    Plaintiffs further allege that on or about September 9, 2010 Defendants allege that Plaintiffs became in default of their loan.  (See Exhibit "B")  However the Declaration of Due Diligence that is required to be attached to the Notice of Default is missing pursuant to *California Civil Code* §2923.5, therefore making the Notice of Default void.

8.    Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure. Furthermore, the Defendants listed on the Notice of Default and/or Notice of Trustee's Sale were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale.

9.    Plaintiff further alleges that the foreclosure sale of the Subject Property due to the failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code* §2924, §2923.5 and §2923.6.

10.   Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: *California Civil Code* §2924, §2923.5 and §2923.6, and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

## I.

### FIRST CAUSE OF ACTION
### VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5
**(Against all Defendants)**

11.     Plaintiff repeats and re-alleges Paragraphs 1 through 10 as though fully set forth

herein.

12.     Defendants cannot prove that the non-judicial foreclosure which has commenced,

strictly complied with the tenets of *California Civil Code* §2923.5 and §2924 in order

to maintain an action for possession.

13.     The California Legislature passed Senate Bill 1137, impacting residential mortgage

lenders, foreclosure procedures and eviction procedures.  This law is effective

immediately and extends on to January 1, 2013. The Statute amends provisions of the

non-judicial foreclosure procedures found in California Code of Civil Procedure

§2924, by adding requirements for meetings, due diligence, and notification of

counseling. The primary purpose for the Statute is foreclosure procedures and imposes

an unprecedented duty upon lenders relating to contact with borrowers.

### *California Civil Code* §2923.5

14.     As September 6, 2008, *California Civil Code* §2923.5 applies to loans made from

January 1, 2003, to December 31, 2007, and loans secured by residential real property

that are for owner-occupied residences.  For purposes of *California Civil Code*

§2923.5, "owner-occupied" means that the residence is the principal residence of the

borrower.  Prior to filing a Notice of Default, *California Civil Code* §2923.5 provides

in <u>pertinent part</u>:

(a) (1) A trustee may not file a notice of default pursuant to Section 2924 until 30
days after contact is made as required by paragraph (2) or 30 days after

satisfying the due diligence requirements as described in subdivision (g). In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

(2) An authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

Lender in this case did not provide a toll-free telephone number to Plaintiff.  Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure.  Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option.

(b) A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

The required declaration is missing/improper.  The declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff.  (See infra)

(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as
part of the notice of sale filed pursuant to Section 2924f, include a declaration that
either:
(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.
(2) Lists the efforts made, if any, to contact the borrower in the
event no contact was made.

15.     Furthermore *California Civil Code* §2923.5(g) provides that a borrower not

contacted by a mortgagee, beneficiary, or authorized agent despite "due diligence"

shall mean all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

**The mortgagee, beneficiary, or authorized agent never complied with the provisions**

**of §2923.5(g) of *California Civil Code* in its entirety as proscribed.**

16.     Plaintiff is informed and believes and thereupon alleges that the Notice of Default

was invalid and unenforceable due to the intentional and willful violations including

but, not limited to failing and/or refusing to mail the Notice of Default within ten

business days to Plaintiffs, to post and mail the Notice of Default within one month, to

properly set the sale date, to publish the Notice of Sale twenty days prior to the date set for sale, and to record the Notice of Sale as required by *California Civil Code* §2924.

17.     Defendants did not fully comply with *California Civil Code* §2923.5 and therefore the Notice of Default is VOID.  Thus if the property is sold in a non-judicial foreclosure, the procedure is void.


## Invalid Declaration on Notice of Default and/or Notice of Trustee's Sale

## PENALTY OF PERJURY

18.     The purpose of permitting a declaration under penalty of perjury, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual representation and are made in good faith.  (In re Marriage of Reese & Guy, 73 Cal. App. 4th 1214, 87 Cal. Rptr. 2d 339 (4th Dist. 1999).

19.     In addition to *California Civil Code* §2923.5, *California Code of Civil Procedure* §2015.5 states:

Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or affidavit, in writing of the person making the same, such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that is certified or **declared by him or her to be true under penalty of perjury**, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution; (2) if executed at any place, within or without this state, states the date of execution and that is so certified or declared under the laws of the State of California.   The certification or declaration must be in substantially the following form:
(a) If executed within this state:
"I certify (or declare) under penalty of perjury that the foregoing is true and correct":

_____                _____
    (Date and Place)                              (Signature)

7
COMPLAINT

For our purposes we need not look any farther than the Notice of Default to find the declaration is missing and therefore there is no signature under penalty of perjury; as mandated by new Civil Code §2923.5(c). Therefore, the Notice of Default is VOID.

## LACK OF PERSONAL KNOWLEDGE OF DECLARANT

20.     An affidavit on behalf of a corporation must show that it was made by an authorized officer or agent, and the officer him or herself must swear to the facts. Furthermore, a person who verified a pleading is required to have personal knowledge or reasonable cause to believe the existence of the facts stated therein.   Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge and how he obtained this knowledge.

21.     The proper function of an affidavit is to state facts, not conclusions, and affidavits that merely state conclusions rather than facts are insufficient. An affidavit must set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts. The Notice of Default <u>does not</u> have the required agent's personal knowledge of facts and if the Plaintiff borrower was affirmatively contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for the Plaintiff to avoid foreclosure.  Simply put, the declaration was missing all together.

22.     Plaintiff alleges that Defendants and each of them, willfully, wrongfully and without justification, and without privilege have threatened to commence an invalid

foreclosure sale against the Plaintiff's SUBJECT PROPERTY, thereby, slandering Plaintiff's title thereto.

23.   Furthermore, The California Foreclosure Prevention Act, which became effective June 15, 2009, delays the non-judicial foreclosure process by requiring an addition 90-day delay (beyond the current three-month period) between recording a notice of default and a notice of stay for certain residential properties. The law applies to:

1. Loans recorded between January 1, 2003 and January 1, 2008, inclusive,
2. The borrower occupies the property as his/her principal residence and occupied it at the time the loan became delinquent;
3. A notice of default has been recorded on the property; and
4. The loan is secured by a first lien on residential property that is located in California.

24.   In this case, Plaintiff's property was his principal place of residence and his deed was dated on July 7, 2006. Therefore, the California Foreclosure Prevention Action applies and they should be allowed an additional 90 days (plus the three-month period already) after Notice of Default is recorded.

**II.**
**SECOND CAUSE OF ACTION**
**FOR FRAUD**
**(Against all Defendants)**

25.   Plaintiff repeats and re-alleges Paragraphs 1 through 24 as though fully set forth herein.

26.   On or about July 7, 2006, Plaintiff obtained a loan through BOFA, to finance his home. (See Exhibit "A").  On or about September 9, 2010 Defendant RECON purported to execute a Notice of Default.

27.    Plaintiff has recently learned that Defendant RECON listed on the Notice of Default and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they will issue the notices and commenced the foreclosure process, notwithstanding the fact that the note was not negotiable and did not contain a valid power of sale and also was void due to the missing/invalid Declaration of Due Diligence.

28.    The Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's subject property was void.

29.    In addition, *California Civil Code* §2932.5 governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments:

"Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **the power is part of the security** and vests in any person who **by assignment becomes entitled to payment** of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

30.    Defendants have no standing to enforce a non-judicial foreclosure.  Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge or recorded.

31.    *Uniform Commercial Code* §3-301 states that the "person entitled to enforce an

instrument" is either the holder of the instrument or a non-holder in <u>possession</u> of the instrument who has the rights of a holder. Furthermore, §3-302 states that a "holder in due course" is not a person who acquired rights of an instrument by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceedings.

32.     Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to BOFA (See Exhibit "A"). BOFA is the Lender and only party entitled to enforce the Note and any security interest with it.

33.     Defendant RECON is not listed anywhere in the Deed of Trust or Promissory Note. (See Exhibit "A")

34.     The San Diego County Recorder's Office does not contain any evidence of a recorded assignment from Countrywide Home Loans and or BOFA.

35.     As a result, the power of sale may not be exercised by any of the Defendants since there was never an acknowledged and recorded assignment pursuant to *California Civil Code* §2932.5. Furthermore, Defendant RECON has no lawful security interest in the subject property.

36.     Plaintiff alleges that Defendants, and each of them, falsely misrepresented that the Notice of Default was validly executed, that they intended to induce Plaintiffs into relying on the misrepresentation, that they knew at the time they made these representations to Plaintiffs that they were untrue, and defendants know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

37.     Plaintiff alleges that due to their reliance on Defendants representations he has been damaged in an amount that currently exceeds $25,000.00 and additionally costs of

moving out of Plaintiffs' property and the costs to relocate back to the subject Property.

38.     Plaintiff alleges Defendants RECON intentionally and fraudulently converted Plaintiffs' right, title and interest to his property, and any equity therein.  Defendants' willful deceit was with intent to induce Plaintiff into believing they had authority to start the foreclosure process by recording a false document. (See infra)

39.     Defendants' conduct as set forth above was intentional, oppressive fraudulent and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

### Recording a False Document

40.     The Notice of Default states, "That by reason thereof, the present beneficiary under such deed of trust, has *executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby*"

However, Defendants do not have the original promissory note, nor do they provide any documents evidencing obligations secured thereby.

41.     Furthermore, according to *California Penal Code* §115 in pertinent part:

(a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.
(b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code* §669 states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:
   (1) He violated a statute, ordinance, or regulation of a public entity;

Here, as stated above the Declaration of Due Diligence as required by Section 2923.5 of the California Civil Code is missing and/or improper for the Notice of Default.  Therefore, Defendants RECON, are guilty of a felony for recording the

Notice of Default with a false instrument according to California Penal Code §115. Since Defendants have violated a statute, the failure of them to exercise due care will be presumed.

42.     Furthermore, This defendant did not adhere to the mandates laid out by congress before a foreclosure can be considered duly perfected.  The Notice of Default states:

> "That by reason thereof, the present beneficiary under such deed of trust, has **executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby,** and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."

However, Defendants do not have the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby. For the aforementioned reasons, the Notice of Default will be void as a matter of law and Defendants recorded a false document.

## III.

### THIRD CAUSE OF ACTION
### FOR INTENTIONAL MISREPRESENTATION
#### (Against all Defendants)

43.     Plaintiff repeats and re-alleges Paragraphs 1 through 42 as though fully set forth herein.

44.     Plaintiff is informed and believe that the representation on the Deed of Trust and Notice of Default was a false intentional representation in the following particulars:

[A]     Defendants BOFA knew Defendant RECON was not authorized to commence the foreclosure process by executing a Notice of Default and it was made for the sole purpose of inducing reliance and confusing Plaintiffs.

[B]    At the time Defendant RECON executed the Notice of Default they knew the required Declaration of Due Diligence was false and for the sole purpose of inducing reliance and confusing Plaintiffs.  Defendants also recorded a document they knew was false.

[C]    Defendant RECON were not entitled to the payments and authorized to start the foreclosure process since there was never a recorded assignment from.

**IV.**

**FOURTH CAUSE OF ACTION**
**VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6**
**(As Against All Defendants)**

45.    Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 44 as though set forth fully herein.

46.    Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

47.    *California Civil Code* §2923.6 broadens and extends this PSA duty by providing that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

48.    Pursuant to *California Civil Code* §2923.6(a), a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

49.    Plaintiff's loan is presently in an uncertain state and The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors.

50.    Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party.  Freddie Mac places this loss higher at $58,759.00.

51.    Pursuant to *California Civil Code* §2823.6, Plaintiffs invoke the remedies embodied in the aforementioned agreement and/or codes with a <u>willingness to execute a modification of their loan</u>.  This option was not explored with the Plaintiffs.

52.    Furthermore, according to <u>Anthony E. Dimock v. Emerald Properties, LLC. et al.</u> (81 Cal.App.4th 868, 97 Cal.Rptr.2d 255), Plaintiff was not required to rely upon equity in attacking the deed and therefore he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed.  (See <u>Little v. CFS Service Corp.</u>, supra, 188 Cal.App.3d at p. 1359.)  In particular, Plaintiff is not required to tender any of the amounts due under the note.

53.    Also in <u>Scott v. Security Title Ins. & Guar. Co.</u> (1937) 9 Cal.2d 606, 610-611, the court stated that "It is true that if the sale had been totally void their tender obligation would have been excused."  A "void sale" according to 12 Thompson on Real Estate, Thomas Editions §101.0(c)(2)(i) can be set aside even though the property passed into the hands of a bona fide purchaser.  Furthermore, the section states that most of the cases in which a sale to a bona fide purchaser was set aside involved *sales by trustees or mortgagees who lacked the power to sell*.

54.     Plaintiff is suing for a legal remedy and therefore, there is no requirement of tender. In addition the lack of power of sale rendered the sale void which would excuse Plaintiff's tender obligation.

## V.

### FIFTH CAUSE OF ACTION
### VIOLATION OF *CALIFORNIA CIVIL CODE* §1572
### (As to All Defendants)

55.     Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 54 as though set forth fully herein.

56.     Plaintiff is an unsophisticated customer whose reliance upon Defendants was reasonable and consistent with the Congressional intent and purpose of *California Civil Code* §1572 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

57.     Defendants' misrepresentations, failures to disclose, and failure to assign as described above were made with the intent to induce Plaintiff to obligate himself in reliance on the integrity of Defendants and/or Defendants' predecessors.

58.     As an unsophisticated customer, Plaintiffs could not have discovered the true nature of the material facts on their own.

59.     Plaintiff was ignorant of the facts which Defendants misrepresented and failed to disclose and their reliance was a substantial factor in causing their harm.

60.     As a proximate result of Defendants, Plaintiff has suffered damage in an amount to be determined at trial.

61.     The conduct of Defendants as mentioned above was fraudulent within the meaning of *California Civil Code* §3294(c)(3), and by virtue thereof Plaintiff is entitled to an

award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## VI.

### SIXTH CAUSE OF ACTION
### VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200
(As Against All Defendants)

62.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 61, inclusive, as though set forth fully herein.

63.     Plaintiff allege that Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of *Business and Professions Code* §17200. The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading declaration on the Notice of Default present a continuing threat to members of public in that other consumers will be defrauded into assuming this void Notice of Default is in fact valid. Plaintiffs and other members of the general public have no other adequate remedy of law.

64.     Plaintiff alleges that the employees and/or agents of Defendant RECON represented that said employees and/or agents had contacted Plaintiff to assess his situation. Defendants recorded a false document known as the Notice of Default with an invalid Declaration. Furthermore, there was never an assignment from Defendants BOFA to RECON. Therefore, the Notice of Default is VOID as a matter of law.

65.     The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code* §17200.

As a result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact.  Defendants received and continue to hold Plaintiff's money and other members of the public who fell victim to Defendants' scheme.

VII

### SEVENTH CAUSE OF ACTION

### VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT

### (Against Defendants BOFA)

66.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 65, inclusive, as though set forth fully herein.

69.     Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiffs incident to the extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 USC sec. 1605 and Regulation Z sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(d).  Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note.

70     By calculating the annual percentage rate ("APR") based upon improperly calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(c), 18(d) and 22.

71.     Defendants' failure to provide the required disclosures provides Plaintiff's with the right to rescind the transaction, and Plaintiffs, through this public Complaint which is intended to be construed, for purposes of this claim, as a form Notice of Rescission, hereby elect to rescind the transaction.

The aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, malice in that Defendants, and each of them, by their respective acts,

omissions, nonfeasance, misfeasance and/or malfeasance executed an invalid foreclosure sale of the Plaintiff's Subject Property, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as discussed above due to the VOID Notice of Default and as such the Property must be restored to Plaintiff or alternatively Plaintiff is entitled to the value of thereof.

**WHEREFORE,** Plaintiffs having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

1.     Actual Economic and Non-Economic Damages;

2.     For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default.

3.     For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home;

4.     Cancellation of any future sale and restitution of the home to the Plaintiffs;

5.     For damages as provided by statute;

6.     For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

7.     For a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;

8.      For punitive damages;

9.      Costs and reasonable attorney's fees pursuant to *California Civil Code* §1717, §1788.30(b), §1788.30(c);

10.     For such other and further relief as the court may deem just and proper.

Dated: 6/25/2012                          By: _____

                                          JONAH MECHANIC, Plaintiff in Pro Per

## VERIFICATION

I, JONAH MECHANIC, am the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, expect as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing true and correct and that this declaration was executed in La Jolla, County of San Diego, State of California.

Dated: 6/25/2012                    By: _____
                                         JONAH MECHANIC, Declarant

21
COMPLAINT

SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2012-00099494-CU-OR-CTL | Filing Date: | 06/26/2012 |
| Case Title: | Mechanic vs. Bank OF America NA [IMAGED] | Case Age: | 31 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Judith F. Hayes |
| Case Type: | Other Real Property | Department: | C-68 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| No future events | | | |

## Participants

| Name | Role | Representation |
|---|---|---|
| Bank OF America NA; DBA : Countrywide Home Loans | Defendant | |
| Mechanic, Jonah | Plaintiff | Self-Represented |
| Recontrust Company | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| MECHANIC, JONAH | P O Box 1442 La Jolla CA 92038 | (858) 229-9499 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 06/26/2012 | Complaint filed by Mechanic, Jonah.\nRefers to: Bank OF America NA; Recontrust Company | Mechanic, Jonah (Plaintiff) |
| 2 | 06/26/2012 | Original Summons filed by Mechanic, Jonah.\nRefers to: Bank OF America NA; Recontrust Company | Mechanic, Jonah (Plaintiff) |
| 3 | 06/26/2012 | Civil Case Cover Sheet filed by Mechanic, Jonah.\nRefers to: Bank OF America NA; Recontrust Company | Mechanic, Jonah (Plaintiff) |
| 4 | 06/26/2012 | Summons issued. | |
| 5 | 06/26/2012 | Case assigned to Judicial Officer Hayes, Judith. | |
| 6 | 06/26/2012 | Case initiation form printed. | |
| 6 | 06/26/2012 | Case initiation form printed. | |
| 6 | 06/26/2012 | Case initiation form printed. | |
| 6 | 06/26/2012 | Case initiation form printed. | |
| 6 | 06/26/2012 | Case initiation form printed. | |